**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6425**

TRACEY TERRELL GRADY,

Plaintiff - Appellant,

v.

B.S., in her individual capacity; STEVE MORTON, Sergeant, Rape Investigator for
Monroe Police Department, in his individual capacity; STEPHEN HELIMS, Officer
at Monroe Police Department, in his individual capacity; BAUCOM SAWYER,
Officer at Monroe Police Department, in his individual capacity; SHARON
HINTON, Mrs., DNA Examiner, Forensic Scientist at Raleigh Crime Lab, in her
individual capacity; KYLE PURSER, Officer at Monroe Police Department, in his
individual capacity; MICHELE SHOULTES, Officer at Monroe Police Department,
in her individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at
Charlotte. Martin K. Reidinger, Chief District Judge. (3:20-cv-00095-MR)

Submitted: July 20, 2021                                    Decided: July 23, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Tracey Terrell Grady, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Terrell Grady seeks to appeal the district court's order (1) dismissing, on 28 U.S.C. § 1915A frivolity review, some, but not all, of the claims raised in Grady's amended 42 U.S.C. § 1983 civil rights complaint and denying Grady's request for preliminary injunctive relief; (2) denying as moot Grady's motions to reconsider the court's prior rulings; and (3) denying Grady's motions for the appointment of counsel and recusal of the district court judge. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). That portion of the order dismissing Grady's action in part as to certain claims against certain defendants, and denying Grady's motions for reconsideration, appointment of counsel, and recusal of the district court judge, is not a final order nor appealable interlocutory or collateral order. Accordingly, we dismiss this appeal, in part, for lack of jurisdiction.

We do, however, have jurisdiction to review the order as related to Grady's request for preliminary injunctive relief. *See* 28 U.S.C. § 1292(a)(1). This court reviews the denial of a preliminary injunction for abuse of discretion. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020). In evaluating the district court's decision, "we review factual findings for clear error and assess legal conclusions de novo." *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

In order to receive a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

2

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Roe*, 947 F.3d at 219. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). If the district "court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

Upon review of the record in conjunction with these authorities, we discern no abuse of discretion in the district court's denial of preliminary injunctive relief. We therefore affirm the appealed-from order to the extent that it denied preliminary injunctive relief. *Grady v. B.S.*, No. 3:20-cv-00095-MR (W.D.N.C. Feb. 23, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3